By the Court.
Bosworth, Ch. J.
—By the agreement, between the plaintiff and the defendant’s firm, as it is found by the referee, the said firm had no right to sell the said bonds and stock prior to the 5th of December, 1855, even though there should be a decline in the market price of the same, unless the plaintiff failed, upon the occurrence of such a decline in the market value, to give to said firm additional security against loss. On Saturday, the 3d of November, 1855, the market value of said stock and bonds was such, that the securities, held by said firm, fully protected them against loss. On the fifth, the next business day, the firm sold said stock and bonds, and, (tested by the result of such sale) the firm was unsecured by the sum of $156.63.
The plaintiff, on the facts as found, was not in default by reason of not having anticipated, on the morning of the fifth, that the market value of the stock and bonds would decline during that day, and by not having given to the defendant, additional security, on the morning of that day, before the board of brokers met. On the 31st of October, 1855, on being requested by defendant’s firm, to do so, the plaintiff had given to them further security. That security on the day preceding the sale, was as ample as it was his duty to make it, or the said firm had a right to demand. The plaintiff was not required, because he had not agreed, to furnish further security before a decline occurred. He agreed to furnish it, in case a decline occurred. Assuming that, the price of sale, at the brokers’ board, is, as between these parties to be the test of the market value of such stock and bonds, then until sales had been there made, on the fifth of November, it would not be determined that the market value of the stock and bonds had declined. The plaintiff ought not to be held in default, in case a decline occurred during the fifth, if he furnished additional security before the brokers’ board met on the morning of the sixth. We think, that the plaintiff had not failed to perform the agreement, on his part, by reason of not having furnished further security on the 5th of November, 1855, before such sale was made.
When the stock and bonds had been purchased by William *590 B. Gierke & Co., they were, as between them and the plaintiff, the property of the latter. The firm, by the agreement, had a right to retain and sell them, when the time arrived at which they were authorized to sell. We do'not doubt, however, that on any day prior to the arrival of such time, the plaintiff, by paying or offering to pay all that the defendants would be entitled to demand or retain, if they should hold them until the time "to sell arrived and then sell them, would have a right to require the stock and bonds to be transferred and surrendered to him.
The substance of the transaction is the same as if the plaintiff had himself made the purchases, and borrowed of the said firm the money required to pay for them, and had then, to secure the defendants, transferred the stock and bonds to them upon the same agreement as to holding and selling them, and reimbursing to the defendants the amount of their loan, and as to keeping them secured by new securities, if necessary, until the time stipulated for selling the stock and bonds had arrived.
It cannot be said, therefore, that the facts proved, (as found by the referee,) make a case differing in its entire scope and meaning, or substantially from that presented by the allegations contained in the complaint.
In good sense, the stock and bonds were the property of the plaintiff and were held by the said defendants as a pledge to secure the repayment of the moneys advanced to complete the purchase with the interest thereon and to secure also the payment of their commissions.
If this view be correct, then the defendants could not lawfully sell the stock, without first notifying the plaintiff of the time and place of such sale, even though it was the duty of the plaintiff to furnish further security on the morning of the 5th of November, 1855.
The fact that the agreement, in terms, authorizes the defendants to sell, in case of the default of the plaintiff to furnish further security upon a decline of the market value occurring, confers no power which the law has not granted to every pledgee in case of a default to pay the debt secured when due. (Stearns v. Marsh, 4 Denio, 227; Wilson v. Little, 2 Comst., 443.)
It confers no more power than a mortgage of real estate, which in terms, authorizes the mortgagee to sell, in case the *591 mortgagor fails to pay, on the maturity of the mortgage debt, and which does not provide how or when the mortgaged property shall be sold.
It will not be pretended, I think, that, in such a case the ■ mortgagee could, by a private sale, without notice to the mortgagor, cut off the mortgagor’s equity of redemption.
We are of the opinion that the plaintiff was not in default, in the matter of furnishing further security, when the sale was made; and that the sale was illegal and a breach of the defendant’s contract; and that the judgment should therefore be affirmed.
Judgment affirmed.